PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

NEXSTAR MEDIA, INC. GROUP, d/b/a )
WKBN-TV, )  CASE NO.  4:24-CR-01415
               Plaintiff, )
  )
           v. )  JUDGE BENITA Y. PEARSON
  )
NATIONAL LABOR RELATIONS, )
BOARD, ET AL., )  **ORDER**
              Defendants. )  [Resolving ECF Nos. 5 and 13]

      This matter comes before the court on Nexstar Media Group, Inc., d/b/a WKBN-TV's

Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 5), which seeks

the issuance of a preliminary injunction to prevent the National Labor Relations Board from

proceeding with an administrative action the NLRB filed against Plaintiff.  The NABET-CWA,

AFL-CIO filed a Motion For Leave to File *Amici Curiae* Brief (ECF No. 13).   Having reviewed

the party's filings and applicable law and heard argument of counsel the Court finds that it lacks

jurisdiction.

## I.      Background

## II.      Administrative Proceedings

      According to Plaintiff's motion:

> On or about May 3, 2023, the National Association of Broadcast
> Employees and Technicians – Communications Workers of
> America, AFL-CIO ("Union") filed an unfair labor practice charge
> ("ULP") with Region 8 of the National Labor Relations Board
> ("NRLB"). Nexstar responded, per the NLRB's request, to the ULP
> with evidence and legal arguments on January 2, 2024.  On February
> 2 and 24, 2024, after Nexstar refuted the Union's allegations, the
> NLRB permitted the filing of two amended ULPs.

(4:24CR01415)

> On May 23, 2024, the NLRB issued an administrative complaint, seeking the following legal remedy: "reimbursement of direct and foreseeable consequential damage . . . incurred as a result of Respondent's unlawful conduct." [ECF No. 5-2 at PageID #: 125]. Subsequent to the filing of the administrative complaint, the NLRB served a proposed settlement seeking "compensation for direct or foreseeable pecuniary harm." [ECF No. 5-3 at PageID #: 134]. This document alleged $38,550.36 in monetary harm, including (a) $8,165.24 in interest on wages, expenses, and excess tax liability; (b) $6,000 in spousal opt-out cash benefits; and (c) $6,381.15 in health insurance costs. [ECF No. 5-3 at PageID #: 134].
>
> On July 31, 2024, Nexstar filed a motion for summary judgment, arguing, among other things, that the Board violated the Seventh Amendment by seeking legal remedies without a trial by jury. On August 2, 2024, the Board effectively acknowledged that it violated the Constitution by issuing an amended administrative complaint, withdrawing its claim for consequential damages. [ECF No. 5-4]. Nexstar filed an amended motion for summary judgment on August 12, 2024. A hearing on the administrative complaint is presently scheduled for August 27, 2024. [ECF No. 5-4].

ECF No. 5-1.

### III.   District Court Proceedings

On August 20, 2024, Plaintiff Nexstar. filed a Verified Complaint (ECF No. 1) against Defendants NLRB; NLRB Chairpersons Jennifer Abruzzo and Lauren M. McFerran, Board Members Gwynne A. Wilcox, Marvin E. Kaplan, and David M. Prouty, Regional Director for Region 8 of the NLRB Iva Y. Choe, Acting and/or Former Acting Regional Director for Region 8 of the NLRB Nora McGinley, and the Administrative Law Judge ("ALJ") (collectively, "Defendants"). Plaintiff brought the following claims against Defendants: (1) "the NLRB unconstitutionally seeks legal remedies without a jury trial in violation of the Seventh Amendment (ECF No. 1 at PageID #: 11), (2) "board members are unconstitutionally insulated from removal" (ECF No. 1 at PageID #: 16), (3) ALJs are unconstitutionally isolated from removal" (ECF No. 1 at PageID #: 19), and (4) "the board's wielding of executive, legislative,

2

(4:24CR01415)

and judicial authority and powers violates Article III, § 1 of the Constitution" (ECF No. 1 at PageID #: 22).  Plaintiff requests declaratory relief, including that the Court declare that:

> the practice and/or policy of the NLRB to seek "consequential damages" as remedies for unfair labor practices in matters proceeding before an Administrative Law Judge violates the Seventh Amendment's guarantee of trial by jury for legal claims; the practice and/or policy outlined in GC 21-06 and GC 24-04 violates the Seventh Amendment on the same grounds; the statutes, regulatory provisions, guidance, and/or policies restricting the removal of NLRB ALJs, including 5 U.S.C. § 7521(a), are unconstitutional; and the statutes, regulatory provisions, guidance, and/or policies restricting the removal of Board Members, including 29 U.S.C. § 153(a), are unconstitutional.

ECF No. 1 at PageID #: 25.  Plaintiff also requests that the Court: (1) preliminarily enjoin Defendants from subjecting Plaintiff to administrative proceedings seeking an unconstitutional remedy and unconstitutionally constructed administrative proceedings pending the final resolution of this action, and (2) permanently enjoin Defendants from implementing or carrying out any policy or practice of seeking legal remedies without a trial by jury and unconstitutional removal-protection provisions of ALJs.  ECF No. 1 at PageID #: 25.

On August 21, 2024, Plaintiff filed its motion for a temporary restraining order and preliminary injunction.  ECF No. 5.  Plaintiff seeks the same remedies as requested in its Verified Complaint, but also seeks to enjoin the administrative hearing scheduled for August 27, 2024.  ECF No. 5 at PageID #: 118.  Defendants filed a response (ECF No. 11), and on August 23, 2024, the Court held a hearing on the motion for temporary restraining order and preliminary injunction.  At the hearing, the Court heard argument on jurisdiction and the factors governing a temporary restraining order.  *See* Minutes of proceedings, 08/23/2024.

The Court, prior to the hearing, also directed Plaintiff to file a Notice explaining the Court's jurisdiction.  Order [non-document], 08/22/2024.  Plaintiff complied (ECF No. 12), and

3

(4:24CR01415)

Defendants filed an emergency motion for leave to file a response to the Notice (ECF No. 14). At the hearing, Plaintiff requested time to file a reply, which the Court granted. An *Amici Curiae* Brief (ECF No. 13) was filed by the AFL-CIO and NABET Unions. The Court hereby grants the leave sought.

## IV.     Jurisdiction

Plaintiff asserts that 28 U.S.C. § 1331 confers the Court jurisdiction because its "Complaint raises claims under the Seventh Amendment of the Constitution, Article II, Sections 2 and 3 of the Constitution, and Article III of the Constitution." ECF No. 12 at PageID #: 193. Additionally, it asserts that § 1331 confers jurisdiction because Plaintiff's claims arise pursuant to the National Labor Relations Act 29 U.S.C. § 151, *et seq*. ECF No. 12 at PageID #: 193.

The Defendants contend that Nexstar failed to meet its burden to prove that the Court has jurisdiction. ECF No. 14-1 at PageID #: 222. It asserts that 29 U.S.C. §§ 160(e) and (f) displaces the Court's 28 U.S.C. § 1331 jurisdiction over a facial, pre-enforcement challenge. ECF No. 14-1 at PageID #: 222-24. Additionally, as a matter of first impression, the NLRB asserts that the Norris-LaGuardia Act jurisdictionally bars Plaintiff's request for injunctive relief. ECF No. 14-1 at PageID #: 224.

In reply, Plaintiff asserts that the Court should find jurisdiction over its claims as set forth in *Axon* and *Thunder Basin*, and that the Norris-LaGuardia Act is inapplicable to bar its request for injunctive relief. ECF No. 16 at PageID #: 228-39.

### A.  Plaintiff's Reliance on *Axon*

District courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In some circumstances, however, "[a] special statutory review scheme . . . may preclude district courts from exercising

(4:24CR01415)

jurisdiction over challenges to federal agency action." *Axon Enter., Inc. v. FTC*, 598 U.S. 175, 185 (2023).  In such circumstances, "[t]he agency fills in for the district court, with the court of appeals providing judicial review[]", "like the NLRA does for unfair labor practice claims." *Id.* at 185; *see also Burnett Specialists v. Abruzzo,* No. 4:22-CV-00605, 2023 WL 5660138, at *5 (E.D. Tex. Aug. 31, 2023).

Plaintiff relies on *Axon* to assert that the NLRA does not preclude the Court from retaining jurisdiction because it seeks relief for a here-and-now injury.  ECF No. 12 at PageID #: 194.  It asserts that it will "suffer the harm of being subject to an illegitimate proceeding, led by an illegitimate decision maker on August 27, 2024[]", which gives rise to a here-and-now injury. ECF No. 12 at PageID #: 195.  Particularly, Plaintiff raises three arguments: (1) that the NLRB lacks the structure or mechanisms to conduct a trial by jury notwithstanding the fact that the NLRB seeks legal remedies[]"; (2)"29 U.S.C. § 153(a) violates the structure of Article II . . . because it limits the President's power to remove NLRB Board Members[]"; and (3) "the limitations on removal for ALJs violates the structure of Article II, Section 2 of the Constitution."  ECF No. 12 at PageID #: 195.

To determine whether a statute prevents judicial review, the Court engages in a two-step process.  *Cochran v. U.S. Sec. & Exch. Comm'n*, 20 F.4th 194, 206 (5th Cir. 2021).  First, the Court looks at whether "a statutory scheme displays a fairly discernible intent to limit jurisdiction." *Id* (citation omitted).  Next, the Court examines "whether the claims at issue are of the type Congress intended to be reviewed within the statutory structure." *Id*.

For the second step under *Cochran*, courts consider the three factors that the Supreme Court first articulated in *Thunder Basin Coal Co. v. Reich*, 510 U.S. 200, 207-15 (1994) to determine when a statutory scheme implicitly strips a district court of jurisdiction:

5

(4:24CR01415)

> First, could precluding district court jurisdiction "foreclose all meaningful judicial review" of the claim? . . . Next, is the claim "wholly collateral" to the statute's review provisions? . . . And last, is the claim "outside of the agency's expertise"?  When the answer to all three questions is yes, we 'presume that Congress does not intend to limit jurisdiction.  But the same conclusion might follow if the factors point in different directions. The ultimate question is how best to understand what Congress has done—whether the statutory review scheme, though exclusive where it applies, reaches the claim in question.

*Axon*, 598 U.S. at 186 (citations omitted).

### A.  Whether the NLRA Displays an Intent to Limit Jurisdiction

With respect to the first step under *Cochran*, the Court concludes that Congress intended that the NRLA limit jurisdiction.  The NLRA's statutory scheme does not allow for district court review of an unfair labor practice—the proceedings go to the Board, and then the Board's final order is appealable to an appropriate circuit court of appeals.  *Beverly Health & Rehab. Servs., Inc. v. Feinstein,* 103 F.3d 151, 152 (D.C. Cir. 1996).  Such structure indicates that Congress intended that the NLRA "is meant to be, and is, a comprehensive statute concerning the disposition and review of the merits of unfair labor practice charges."  *N.L.R.B. v. United Food & Com. Workers Union, Loc. 23, AFL-CIO*, 484 U.S. 112, 131 (1987).

### B.  Whether the claims at issue are of the type Congress intended to be reviewed within the statutory structure

Next, the Court must determine whether the NLRA's scheme covers the precise claims that Plaintiff raises through utilizing the three factors listed in *Axon* and *Thunder Basin*.

#### a. The "Foreclosure of Meaningful Judicial Review" Factor

Plaintiff contends that the Court has jurisdiction over Nexstar's Seventh Amendment right to jury trial claim, because the alternative will foreclose Nexstar from all meaningful judicial review.  ECF No. 16 at PageID #: 230.  Specifically, it alleges that NLRB "attempt[s] to

6

(4:24CR01415)

compel Nexstar to litigate legal damages without the benefit of trial by jury [which] makes their prosecution of the administrative complaint an illegitimate proceeding before an illegitimate decision-maker." ECF No. 16 at PageID #: 232.

In *Axon*, the Supreme Court's explanation with respect to the first *Thunder Basin* factor—whether preclusion of district court jurisdiction "could foreclose all meaningful judicial review"—was the least straightforward in the case before it. 598 U.S. at 190. The harm to the plaintiffs was "being subjected" to "unconstitutional agency authority." *Id*. The Supreme Court found such an unconstitutional exercise of agency authority was "impossible to remedy once the proceeding is over, which is when appellate review kicks in" under the applicable judicial review statutes for actions of the Federal Trade Commission (FTC) and the Securities and Exchange Commission (SEC). *Id*. The Supreme Court concluded that when the plaintiffs' claim was that they were "being subjected to an illegitimate proceeding," a court of appeals could do nothing, because once the proceeding happened, it could not be undone, so that judicial review would come too late to be meaningful. *Id*.

The Supreme Court has established that "when Congress properly assigns a matter to adjudication in a non-Article III tribunal, 'the Seventh Amendment poses no independent bar to the adjudication of that action by a nonjury factfinders." *Meta Platforms, Inc. v. Fed. Trade Comm'n*, No. CV 23-3562 (RDM), 2024 WL 1121424, at *19 (D.D.C. Mar. 15, 2024) (quoting *Oil States Energy Servs., LLC v. Greene's Energy Grp.*, LLC, 584 U.S. 325, 345 (2018)*; see also Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 53–54 (1989)*; see also Atlas Roofing Co., Inc. v. Occupational Safety & Health Rev. Comm'n*, 430 U.S. 442, 450-55 (1977) (("[W]hen Congress creates new statutory 'public rights,' it may assign their adjudication to an administrative agency with which a jury trial would be incompatible, without violating the Seventh Amendment . . . .

7

(4:24CR01415)

This is the case even if the Seventh Amendment would have required a jury where the adjudication of those rights is assigned instead to a federal court of law instead of an administrative agency.")

The Supreme Court has recognized that in some circumstances, as in *Atlas Roofing*, Congress can create administrative schemes for resolving public rights without a jury. *Occupational Safety & Health Rev. Comm'n*, 430 U.S. 442 (1977).  On the other hand, as indicated in *Granfinanciera,* a party seeking private rights legal remedies will require jury trials.  492 U.S. 33, 50 (1989).  The question comes down to whether a matter involves public rights or private rights.  *Oil States Energy Servs*., 584 U.S. 325, 334 (2018).

Pursuant to *Sec. & Exch. Comm'n v. Jarkesy,* "[t]o determine whether a suit is legal in nature . . . courts must consider the cause of action and the remedy it provides."  144 S. Ct. 2117 (2024).  Notably, the Supreme Court finds the remedy to be a "'more important' consideration". *Id*.  A remedy "is legal in nature when it is designed to punish or deter the wrongdoer rather than solely to 'restore the status quo.'"  *Id*.

The Supreme Court has determined that unfair labor practices under the NLRA do not invoke the Seventh Amendment, because it is a statutory remedy "unknown to the common law". *N.L.R.B. v. Jones & Laughlin Steel Corp.*, 301 U.S. 1, 48 (1937).  Furthermore, the *Laughlin* court held that the Seventh Amendment "has no application to cases where recovery of money damages is an incident to equitable relief even though damages might have been recovered in an action at law."  *Id*. at 48-49.

Plaintiff contends that Defendants request for the following monetary relief constitutes a legal remedy, because it "unquestionably is 'designed to punish or deter':

> (a) [h]oliday pay **if** scheduled and worked – 2x hourly wage;"3 (b) "**projected** earned wages;" (c) "$3,000 per year reimbursement if use another employer's

8

(4:24CR01415)

> insurance" or "$6,000 (spouse's opt-out health insurance case benefit)" (d) a
> 7% or 8% interest rate on claimed backpay; and (e) "**lost investment
> earnings**." [Exhibits A and B].

ECF No. 16 at PageID #: 232-34 (internal citations omitted).  This argument lacks merit because it is speculative and contrary to a here-and-now injury.  Under Sixth Circuit jurisprudence, the key to determining whether a request for monetary relief is equitable or legal is "the nature of the relief sought." *Hildebrand v. Bd. of Trustees of Michigan State Univ.*, 607 F.2d 705, 708 (6th Cir. 1979).  *Assuming arguendo* that Plaintiff's argument is not speculative—Plaintiff failed to distinguish how such remedies are designed to punish or deter, rather than to restore the *status quo* as required pursuant to *Jarkesy*. 144 S. Ct. at 2119 (2024).

Furthermore, Plaintiff's contention that its Seventh Amendment rights are violated because "the NLRA merely provides for equitable relief, [and] the Board here has unlawfully expanded its authority by seeking monetary damages against Nexstar for well beyond making the alleged aggrieved party whole through an equitable award[]"is not persuasive.  ECF No. 5-1 at PageID #: 110.   Essentially, Plaintiff raises an argument to the NLRA—not a Seventh Amendment violation.  And more to the point, if Nexstar is correct in anticipating that the NLRB will exceed its authority, that issue may be raised in  the Court of Appeals which will have authority to modify such a ruling or set it aside, pursuant to 29 U.S.C. § 160 (f).  *See e.g., Sysco Grand Rapids, LLC v. Nat'l Lab. Rels. Bd.*, 825 F. App'x 348, 360 (6th Cir. 2020).

This *Thunder Basin* factor weighs against jurisdiction.

**b. The Collateralism Factor**

Plaintiff contends that the NLRA "statutory review scheme does not provide Nexstar the relief [it] seeks—to protect its right to a jury".  ECF No. 16 at PageID #: 236.  However, as

(4:24CR01415)

previously explained, the Seventh Amendment does not apply to this action, because Plaintiff raises a public right.

Nevertheless, the NLRA's statutory review scheme does provide the relief that Plaintiff seeks—Plaintiff can challenge the monetary judgment:

> Any person aggrieved by a final order of the Board granting or denying in whole or in part the relief sought may obtain a review of such order in any United States court of appeals in the circuit wherein the unfair labor practice in question was alleged to have been engaged in or wherein such person resides or transacts business, or in the United States Court of Appeals for the District of Columbia, by filing in such a court a written petition praying that the order of the Board be modified or set aside.

29 U.S.C. § 160(f).     This *Thunder Basin* factor weighs against jurisdiction.

### c. Whether Plaintiff's Seventh Amendment Claim Goes Beyond the NLRB's Expertise

Plaintiff contends that the Defendant's request for monetary relief goes beyond the NLRB's expertise. ECF No. 16 at PageID #: 237-38.

The Supreme Court has recognized that 29 U.S.C.§ 160(c) confers the NLRB with broad remedial powers: "[Section 10(c)] 'charges the Board with the task of devising remedies to effectuate the policies of the Act . . . . The Board's power is a broad discretionary one, subject to limited judicial review'" *Fibreboard Paper Prod. Corp. v. N. L. R. B.,* 379 U.S. 203, 216 (1964) (citation omitted).  This third *Thunder Basin* factor weighs against jurisdiction and, as indicated above, can be corrected by an appellate court's ruling.

### D. Application of the Norris-LaGuardia Act

Defendants argue, in the alternative, that the Norris-LaGuardia Act also precludes the Court's jurisdiction. ECF No. 14-1 at PageID #: 224.  Plaintiff asserts that the Norris-LaGuardia Act is inapplicable to the instant case because the instant dispute is "between Nexstar and the N.L.R.B.". ECF No. 16 at PageID #: 240.  The Court is unpersuaded.  Despite Plaintiff's

(4:24CR01415)

arguments to the contrary, the case before it is intended to divert the NLRB's ability to administratively resolve the dispute initiated by the National Association of Broadcast Employees and Technicians – Communications Workers of America, AFL-CIO.  Nevertheless, the Court need not reach this alternative argument.

Based on the above, the Court finds that the *Cochran* analysis, including the three *Thunder Basin* factors convey that the Court lacks jurisdiction.

### V.        Temporary Restraining Order

Because the Court lacks jurisdiction, it is unable to rule on the motions for injunctive relief.  Specifically, the question of jurisdiction and Plaintiff's motion for temporary restraining order overlap significantly.  Plaintiff's stated reason for seeking injunctive relief in federal court was to avoid a "here-and-now" irreparable injury.  *See* ECF 12 PageID ## 2-3 ("Nexstar alleges precisely the type of 'here-and-now' injuries contemplated by *Axon*").  The Court's finding that no such injury lurks if the NLRB continues to preside would be a formidable barrier to the injunctive relief sought.   *See In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985). ("Courts may grant one only if the plaintiffs present 'a clear showing' that they are likely to prevail on the merits, that they face irreparable harm without an injunction, that the balance of equities favors them, and that the public interest supports an injunction."); *L. W. by and through Williams v. Skrmetti,* 83 F.4th 460 (6th Cir. 2023).

### VI.     Conclusion

For the reasons above, the Court lacks jurisdiction and closes the matter.

IT IS SO ORDERED.

| | |
|---|---|
| August 26, 2024 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson<br>United States District Judge |

11